UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DiMac Corporation,

        Plaintiff,

                                    Civ. No. 12-750 (RHK/JJK)
                                    **ORDER**

v.

Thomas Sawvell,

        Defendant.

---

      Plaintiff commenced this trademark-infringement action in March 2012 and personally served Defendant, who is proceeding *pro se*, on April 20.  Although Defendant failed to file an answer to the Complaint, he responded by sending a letter to Plaintiff's counsel dated May 7, 2012 (see Doc. No. 11, Ex. A), addressing (and denying) the Complaint's allegations.  When Plaintiff later sought the entry of Defendant's default, see Fed. R. Civ. P. 55(a), it did not reference this letter.  The Clerk of the Court entered Defendant's default on May 31, 2012.

      Plaintiff now asks the Court to enter a default judgment against Defendant, pursuant to Federal Rule of Civil Procedure 55(b).  While Plaintiff is correct that Defendant has not properly responded to the Complaint,[1] the Court notes that he timely served a response – the May 7, 2012 letter – on Plaintiff's counsel.  Moreover, the Court

---

[1] Although Federal Rule of Civil Procedure 12(a) requires a defendant only to *serve* an answer within 21 days, Rule 5(d) requires an answer to be "filed within a reasonable time after service."

is obligated to construe that letter liberally, see, e.g., Johnson v. Arden, 614 F.3d 785, 798 (8th Cir. 2010); Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001), and it is in the nature of a general denial.  See Fed. R. Civ. P. 8(b)(3).  The Court further notes that Defendant personally appeared at the hearing on Plaintiff's default-judgment Motion, suggesting that he indeed intends to defend this action on the merits.  And finally, the Court recognizes the strong "judicial preference for adjudication on the merits" rather than by default judgment.  Oberstar v. FDIC, 987 F.2d 494, 504 (8th Cir. 1993).

For these reasons, and as the Court informed the parties at the hearing, entry of a default judgment would be inappropriate at this juncture.  Instead, the Court believes that Defendant's May 7, 2012 letter should be liberally construed as an answer to the Complaint, and the parties should proceed to litigate this case.[2]  Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. The Clerk of the Court's Entry of Default (Doc. No. 9) is **VACATED**;

2. The Clerk of the Court is directed to file Defendant's May 7, 2012 letter (attached hereto) as Defendant's Answer in this action; and

3. Plaintiff's Motion for Entry of Final Default Judgment (Doc. No. 10) is **DENIED**.

Dated:  August 14, 2012                                       s/Richard H. Kyle
                                                              RICHARD H. KYLE
                                                              United States District Judge

---

[2] Given the limited nature of the alleged infringement, however, the Court strongly urges the parties to resolve this action short of full-blown litigation.